IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN BUMANN,<br><br>    Petitioner,<br><br>  vs.<br><br>NEBRASKA MENTAL HEALTH BOARD, MENTAL HEALTH BOARD OF MADISON COUNTY, MATTHEW HEADLEY, Public Counsel; and JOE SMITH, County Attorney;<br><br>    Respondents. | 8:19CV552<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on preliminary review of Petitioner Justin Bumann's Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. However, this matter will not proceed further until Petitioner cures the deficiencies discussed below.

  First, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

  Second, Petitioner failed to name a proper respondent in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Because Petitioner is held at the Norfolk Regional Center, the proper respondent in a challenge to his current

placement at the Norfolk Regional Center would appear to be Tom Barr, Norfolk Regional Center Facility Operating Officer.

Based on these deficiencies, Petitioner's petition is deemed insufficient and the court will not act upon it. However, on the court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus.

IT IS THEREFORE ORDERED that:

1. The pending Petition (filing 1) is deemed insufficient and the court will not act upon it.

2. By **September 28, 2020**, Petitioner shall file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury and in which he names a proper respondent. Petitioner is encouraged to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the clerk of the court for filing in this case must clearly display the case number. Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

3. The clerk of the court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

4. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **September 28, 2020**: Check for amended petition.

5.  Petitioner's pending Motion for Counsel (filing 5) is denied without prejudice to reassertion after Petitioner files an amended petition in accordance with this Memorandum and Order.[1]

Dated this 28th day of August, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[1] Petitioner is advised that the Nebraska statutes providing for court-appointed counsel in Nebraska Sex Offender Commitment Act proceedings have no application in this federal habeas corpus proceeding.

3