IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN BUMANN, Petitioner, vs. NEBRASKA MENTAL HEALTH BOARD, MENTAL HEALTH BOARD OF MADISON COUNTY, MATTHEW HEADLEY, Public Counsel; JOE SMITH, County Attorney; TOM BARR, Hospital Administrator; and KRIS BOE SIMMONS, Clinical Program Manager; Respondents. | 8:19CV552 **MEMORANDUM AND ORDER** |

This matter is before the court on preliminary review of Petitioner Justin Bumann's Amended Petition for Writ of Habeas Corpus (filing 17) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Renumbered, condensed and summarized for clarity, Petitioner's claims are:

Claim One: Petitioner was denied the effective assistance of counsel because counsel coerced and induced Petitioner to waive his right to appeal.

Claim Two: Petitioner was denied effective assistance of counsel because counsel failed to effectively cross examine state witness, Dr. Agnes Stairs, who did not attest to a psychological certainty that Petitioner meets criteria to be committed as a dangerous sex offender.

  Claim Three:  Petitioner was denied effective assistance of counsel because counsel failed to file a motion for an independent psychological evaluation and a motion for a review hearing.

  Claim Four:[1]  Petitioner was denied due process and equal protection of the laws because (1) Petitioner is continuously denied a review hearing under Neb. Rev. Stat. § 71-1219, (2) the petition and commitment are void as a matter of law as not supported under oath and affidavit by Dr. Agnes Stairs, Ph.D, and (3) the Board of Mental Health lacked jurisdiction.

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

  IT IS THEREFORE ORDERED that:

  1.  Upon initial review of the habeas corpus petition (filing 17), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

---

[1] Claim Four combines the allegations of Grounds 4 and 5 of the amended petition. (Filing 17 at CM/ECF pp. 10, 14.) However, to the extent Petitioner asserts claims in Ground 4 and Ground 5 regarding the Board of Mental Health's failure to provide Petitioner with copies of the commitment order and Dr. Agnes Stairs' affidavit in support of the SOCA petition and order of commitment, those claims are not cognizable in this federal habeas action as they raise only issues of state law. *See* Bryan R. Means, Federal Habeas Manual § 1:44 (West 2020) ("Federal habeas relief is unavailable to retry state issues that do not rise to the level of a federal constitutional violation." (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991))). Accordingly, those claims are dismissed.

2.      By **November 9, 2020**, Respondents must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **November 9, 2020**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3.      If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

> A.    The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.
>
> B.    The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

    4.    If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

    A.    By **November 9, 2020**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that

5

> Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.
>
> F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **December 9, 2020**: check for Respondents' answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6. The clerk of the court is directed to remove "Nebraska Mental Health Board," "Mental Health Board of Madison County," "Matthew Headley," and "Joe Smith" as Respondents in this matter.

Dated this 23rd day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge