IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN BUMANN, | |
| Petitioner, | **8:19CV552** |
| vs. | |
| TOM BARR, Hospital Administrator; and KRIS BOE SIMMONS, Clinical Program Manager; | **MEMORANDUM AND ORDER** |
| Respondents. | |

This matter is before the court on Respondents' Motion for Summary Judgment. (Filing 16.) Respondents argue that Petitioner Justin Bumann's Amended Petition for Writ of Habeas Corpus (filing 7) must be dismissed because Bumann has failed to exhaust his state court remedies as set forth in 28 U.S.C. § 2254(b)(1)(A), has procedurally defaulted his claims, and has failed to state federal law claims upon which relief can be granted. (Filing 16.) In support of their Motion, Respondents filed a Brief (filing 21) and state court records (filings 17 & 19). Petitioner has not responded. This matter is fully submitted for disposition. For the reasons set forth below, the Motion for Summary Judgment will be granted, and Petitioner's Amended Petition for Writ of Habeas Corpus (filing 7) will be dismissed without prejudice.

## I. SUMMARY JUDGMENT PROCEDURE IN HABEAS PROCEEDINGS

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment motions. Rule 56 applies to habeas proceedings pursuant to Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any

statutory provisions or these rules, may be applied to a proceeding under these rules.") and Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."). However, "summary judgment principles apply on federal habeas only to the extent they do not conflict with habeas rules." Brian R. Means, Federal Habeas Manual § 8:36.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted." *Smith-Bunge v. Wisconsin Cent., Ltd.,* 946 F.3d 420, 424 (8th Cir. 2019).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

This court's local rules further specify that "[t]he moving party must include in the brief in support of the summary judgment motion a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." NECivR 56.1(a)(1). "The statement of facts should consist of <u>short</u> numbered paragraphs, each containing pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials that support the material facts stated in the paragraph." NECivR 56.1(a)(2) (underlining in original). In addition, the court's local rules provide that "[a]n affidavit must identify and authenticate any documents offered as evidence." NECivR 7.1(a)(2)(C); *see also* NECivR 56.1 ("Unless this rule states otherwise, the procedures of Nebraska Civil Rule 7.1 apply to summary judgment motions.").

## II. EVIDENCE PRESENTED

In this case, Respondents' brief in support of their Motion for Summary Judgment contains a separate, 40-paragraph statement of material facts with proper references to the record. (Filing 21 at CM/ECF pp. 4-12.) The documents referenced include certified copies of excerpts from Bumann's commitment proceedings before the Mental Health Board of the Seventh Judicial District (filings 19-1, 19-2 & 19-3), certified copies of filings in Bumann's state habeas corpus proceeding (filings 17-2 & 17-3), and a declaration from the Clerk of the District Court of Madison County, Nebraska (filing 17-1). Bumann has not responded to Respondents' Motion for Summary Judgment. While Bumann's failure to file an opposing brief is not considered a confession of the motion, *see* NECivR 7.1(b)(1)(C), his failure to controvert Respondents' statement of material facts is considered an admission for purposes of deciding the motion. *See* NECivR 56.1(1)(b)(1); Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required

by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .").

## III. UNCONTROVERTED FACTS

The following facts are not in dispute:

1. Bumann is currently a patient committed at the Norfolk Regional Center. (*See* <u>Filing 7 at CM/ECF p. 1</u> (Place of Confinement: "Norfolk Regional Center."))

2. On January 28, 2011, Bumann was convicted of Criminal Attempt – Sexual Assault in the 1st degree, a Class III Felony, in Madison County District Court, Nebraska, Case No. CR08-104, and was sentenced to an indeterminate term of not less than three years nor more than five years imprisonment. (<u>Filing 19-3 at CM/ECF pp. 2</u>, <u>5</u>, <u>10-11</u>.)

3. On January 28, 2011, Bumann was also convicted of Criminal Attempt – Possession of Child Pornography, a Class I Misdemeanor, in Madison County District Court, Nebraska, Case No. CR08-114, and was sentenced to an indeterminate term of not less than one year nor more than one year imprisonment, to be served consecutively to the sentence in Case No. CR08-104. (*<u>Id.</u> at CM/ECF pp. 2*, <u>6-7</u>, <u>12-13</u>.)

4. On March 29, 2011, Bumann was convicted of Sexual Assault, Use of Electronic Communication Device, a Class ID Felony, in Knox County District Court, Nebraska, Case No. CR10-12, and was sentenced to an indeterminate term of not less than seven years nor more than nine years imprisonment, to be served consecutively to any other offense being served out of the State of Nebraska. (*<u>Id.</u> at CM/ECF pp. 2*, <u>8-9</u>, <u>14-15</u>.)

5.      On or about July 22, 2019, the Madison County Attorney filed a Petition and Request for a Custody Warrant before the Mental Health Board in *In the Interest of Justin T. Bumann, Alleged to be a Dangerous Sex Offender*, Case No. 22-45, requesting that the Mental Health Board enter an order committing Bumann to inpatient hospitalization pursuant to Nebraska's Sex Offender Commitment Act ("SOCA"), Neb. Rev. Stat. § 71-1201 to 71-1226. (*Id.* at CM/ECF pp. 1-4.)

6.      The petition alleged, among other things, that Bumann is a dangerous sex offender, is a person with a mental illness and/or personality disorder which makes him likely to engage in repeated acts of sexual violence, has been convicted of one or more sex offenses, and is substantially unable to control his criminal behavior; and that neither voluntary hospitalization nor other treatment alternatives less restrictive of his liberty than a Mental Health Board ordered treatment disposition are available or would suffice to prevent the harm described in Neb. Rev. Stat. § 83-174.01. (*Id.* at CM/ECF p. 1.)

7.      Attached to the petition were the court documents related to Bumann's three sex offenses detailed above (*id.* at CM/ECF pp. 5-15), two affidavits from Dr. Agnes Stairs, Ph.D. (*id.* at CM/ECF pp. 16-17), and a psychological evaluation performed by Dr. Stairs, dated January 22, 2019 (*id.* at CM/ECF pp. at 18-34).

8.      Dr. Stairs' affidavits reflected that she is a psychologist, duly licensed in the State of Nebraska, and is experienced in sex offender risk assessments. (*Id.* at CM/ECF pp. 16-17.)

9.      In one Affidavit, Dr. Stairs opined that, after completing an evaluation of Bumann, it was her professional opinion that he is a dangerous sex offender, as defined in Neb. Rev. Stat. § 83-174.01. (*Id.* at CM/ECF p. 16.)

10.     In another affidavit, Dr. Stairs opined that, after conducting a review to determine the least restrictive and most appropriate treatment setting for Bumann based on risk, needs, and treatment responsivity issues, it was her professional

opinion that, based on her expertise in sex offender risk assessment and treatment, as well as the information available to her about treatment options, Bumann would be best served in an inpatient setting to address the issues outlined in his evaluation (*id.* at CM/ECF pp. at 18-34), and that if the Mental Health Board found Bumann to be a Dangerous Sex Offender, the least restrictive treatment at that time would be inpatient treatment. (*Id.* at CM/ECF p. 17.)

11.    On July 25, 2019, a hearing was held before the Mental Health Board in *In the Interest of Justin T. Bumann, Alleged to be a Dangerous Sex Offender*, Case No. 22-45, where Bumann acknowledged receipt of a copy of the petition, notice of hearing, and list of rights. (*Id.* at CM/ECF p. 62.) The matter was then continued pending certain motions expected to be filed on behalf of Bumann. (*Id.*)

12.    On August 1, 2019, Bumann's counsel, the Deputy Madison County Public Defender, filed a Motion for a Second Opinion. (*Id.* at CM/ECF p. 57.) Specifically, the motion asked the Mental Health Board to order a psychological evaluation, including a sex offender risk assessment. (*Id.*)

13.    On August 2, 2019, Bumann's counsel filed an Amended Motion for a Second Opinion, noting that the Madison County Attorney had no objection to the requested motion. (*Id.* at CM/ECF p. 58.) Just like the first, the amended motion asked the Mental Health Board to order a psychological evaluation, including a sex offender risk assessment. (*Id.*)

14.    On August 6, 2019, the Mental Health Board granted Bumann's Amended Motion for Second Opinion and ordered that Dr. R. Kirk Newring examine and evaluate Bumann for the purpose of completing a psychological evaluation, including a sex offender risk assessment. (*Id.* at CM/ECF p. 59.)

15.    On August 12, 2019, Bumann's counsel filed a Withdrawal of Amended Motion for Second Opinion. (*Id.* at CM/ECF p. 60.)

16. On August 12, 2019, Bumann's counsel filed a Notice "that a hearing for entry of plea" would be held on August 15, 2019. (*Id.* at CM/ECF p. 61.)

17. On August 15, 2019, a hearing was held before the Mental Health Board. (*Id.* at CM/ECF p. 62.) At the hearing, the Deputy County Attorney was present, along with Bumann and his counsel. (*Id.*)

18. After the matter was called, Bumann acknowledged receipt of a copy of the petition, notice of hearing, and list of rights. (*Id.*) Bumann then proceeded to admit the allegations in the Petition. (*Id.*)

19. Bumann was again advised of the rights guaranteed to him during the proceedings, including the right to a written statement as to the nature of the allegations and the evidence against him, the right to assistance of counsel, the right to confront witnesses against him, and the right to a fair hearing. (*Id.*) Bumann acknowledged that he understood those rights and that his admission constituted a waiver of those rights. (*Id.*)

20. The matter was then submitted to the Mental Health Board upon the information and documents filed, including the petition and its attached documents, which included Dr. Stairs' January 22, 2019 Psychological Evaluation. (*Id.*)

21. On August 19, 2019, the Mental Health Board found by clear and convincing evidence that the allegations in the petition were true and relied on the following: Bumann's admission; diagnosis of Pedophilic Disorder, Nonexclusive Type, Sexually attracted to Females; other Specified Paraphilic Disorder (Hebephilia); Social Anxiety and Adjustment Disorder, with mixed anxiety and depressive mood; the opinion and recommendation of Dr. Stairs that Bumann had failed to appropriately manage his deviant sexual thoughts, and that the least restrictive treatment setting available to address Bumann's risks and needs would be an inpatient treatment program in a secured facility. (*Id.* at CM/ECF pp. 62-63.)

22.     The Mental Health Board further found by clear and convincing evidence that Bumann is a dangerous sex offender and neither voluntary hospitalization nor other treatment alternatives less restrictive of his liberty than a Mental Health Board ordered treatment disposition would suffice to prevent the substantial risk of harm as described in Neb. Rev. Stat. § 83-174.01. (*Id.* at CM/ECF p. 63.)

23.     The Mental Health Board, pursuant to its findings, ordered Bumann be placed in the custody of the Nebraska Department of Health and Human Services for appropriate treatment. (*Id.*)

24.     On October 15, 2019, Bumann filed a pro se appeal from the Mental Health Board's August 19, 2019 commitment order in the Madison County District Court, Nebraska, *In the Interest of Justin T. Bumann, Alleged to be a Dangerous Sex Offender*, Case No. 22-45. (*Id.* at CM/ECF pp. 65-68.) Bumann claimed, among other things, that he received ineffective assistance of counsel in the commitment proceedings. (*Id.* at CM/ECF pp. 65-67.)

25.     On October 17, 2019, Bumann's counsel during the initial commitment proceedings filed a motion to withdraw from representation because Bumann was alleging ineffective assistance of counsel. (*Id.* at CM/ECF p. 69.)

26.     On October 18, 2019, the state district court granted Bumann's former counsel's motion to withdraw and appointed a new attorney, Mark Albin, to represent Bumann in the matter. (*Id.* at CM/ECF p. 70.)

27.     On October 28, 2019, the Madison County Attorney filed a motion to dismiss Bumann's appeal for the reasons that (1) the appeal was untimely and (2) to the extent the appeal could have also been construed as a petition for writ of habeas corpus, certain prerequisites, some of which were jurisdictional, were not met. (*Id.* at CM/ECF p. 71.)

28. On November 5, 2019, a hearing was held before the state district court on appeal from the Mental Health Board's August 19, 2019 commitment order (*Id. at CM/ECF p. 74*.) Bumann's new counsel, Mark Albin, was present, along with the Madison County Attorney. (*Id.*) Arguments were provided by both parties, additional briefing was permitted, and the court took the matter under advisement. (*Id.*)

29. On February 24, 2020, the state district court found that: (1) Bumann had not filed his appeal within thirty days of the Mental Health Board's August 19, 2019 order, and therefore, his appeal was untimely pursuant to Neb. Rev. Stat. § 71-930 and Neb. Rev. Stat. § 25-1912; and (2) to the extent Bumann's appeal could be interpreted as either a motion for postconviction relief under Neb. Rev. Stat. § 29-3001 or state habeas relief under Neb. Rev. Stat. § 29-738 and Neb. Rev. Stat. § 29-2801, such causes of action were inapplicable to Bumann. (*Id. at CM/ECF pp. 74-75*.)

30. As of November 4, 2020, Bumann had not filed a notice of appeal to the Madison County District Court's February 24, 2020 order. (Filing 17-1 at CM/ECF p. 2, ¶ 4.)

31. On January 6, 2020, Bumann filed a petition for habeas corpus in the Madison County District Court, Nebraska, *Justin Bumann v. State of Nebraska, et al.*, CI 20-11. (Filing 17-2.) On July 30, 2020, the state district court dismissed Bumann's state habeas action without prejudice pursuant to Neb. Rev. Stat. § 25-217.[1] (Filing 17-3.) Bumann did not file a notice of appeal from the state district

---

[1] Neb. Rev. Stat. § 25-217 provides, in part, that if a defendant is not served within one hundred eighty days of the commencement of an action, the action against the defendant is dismissed without prejudice by operation of law.

court's July 30, 2020 order of dismissal. (Filing 17-1 at CM/ECF p. 3, ¶ 7.) *See also* https://www.nebraska.gov/justice/case.cgi.[2]

32.     On May 28, 2020, Bumann filed a motion for a court-appointed attorney and for a new psychological evaluation in the Madison County District Court, Nebraska, *In the Interest of Justin T. Bumann, Alleged to be a Dangerous Sex Offender*, Case No. 22-45.[3] (Filing 19-3 at CM/ECF pp. 78-80.)

33.     The state district court appointed attorney Mark Albin to represent Bumann in the matter. (*Id.* at CM/ECF pp. 81.)

34.     On June 11, 2020, the Mental Health Board held a hearing upon Bumann's request for review. (*Id.* at CM/ECF pp. 116, 117.) The Madison County Attorney and Bumann's attorney were present, and Bumann appeared via Zoom. (*Id.*)

35.     On June 18, 2020, the Mental Health Board found and ordered that the August 19, 2019 original commitment order "shall remain in full force and effect that [Bumann] is deemed to be in need of inpatient sex offender treatment as provided by the Norfolk Regional Center." (*Id.* at CM/ECF p. 116.) On June 23,

---

[2] The court is entitled to take judicial notice of Nebraska state court records, available to this court online. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (court may take judicial notice of public records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court "may take judicial notice of judicial opinions and public records"); *see also Oliveira-Coutinho v. Frakes*, No. 4:15CV3159, 2018 WL 10705069, at *1 n.1 (D. Neb. Feb. 15, 2018).

[3] Although Bumann did not caption that motion as one before the Mental Health Board for review, the state district court and the Mental Health Board construed it as such. (*See* Filing 19-3 at CM/ECF pp. 81, 116.)

2020, the Mental Health Board filed an amended order to its June 18, 2020 order.[4] (*Id.* at CM/ECF p. 117.)

36. Bumann has not filed a Notice of Appeal from the Mental Health Board's June 23, 2020 amended order. (Filing 17-1 at CM/ECF p. 2, ¶ 5.)

37. As of November 4, 2020, Bumann had not filed a Motion for Review before the Mental Health Board since the Mental Health Board's June 23, 2020 amended order. (*Id.* at CM/ECF p. 2, ¶ 6.)

38. On December 12, 2019, Bumann filed his habeas petition in this court. (Filing 1). After preliminary review, the court deemed the petition insufficient and allowed Bumann to file an amended petition. (Filing 6.) On September 10, 2020, Bumann filed his Amended Petition for Writ of Habeas Corpus. (Filing 7.)

## IV. PETITIONER'S CLAIMS

Summarized and condensed,[5] and as set forth in the court's prior progression order (filing 8), Petitioner asserted the following claims that were potentially cognizable in this court:

---

[4] The amended order corrected an error in the June 18, 2020 order that stated Joseph M. Smith appeared as a "Special Burt County Attorney," instead of as the Madison County Attorney. There were no substantive changes between the orders. (*Compare* Filing 19-3 at CM/ECF p. 116 *with* Filing 19-3 at CM/ECF p. 117.) To maintain consistency throughout this Memorandum and Order, the court will refer to the June 23, 2020 amended order as the order deriving from Bumann's June 11, 2020 review hearing.

[5] Petitioner did not object to the court's summary and condensation.

Claim One:        Petitioner was denied the effective assistance of counsel because counsel coerced and induced Petitioner to waive his right to appeal.

Claim Two:        Petitioner was denied effective assistance of counsel because counsel failed to effectively cross examine state witness, Dr. Agnes Stairs, who did not attest to a psychological certainty that Petitioner meets criteria to be committed as a dangerous sex offender.

Claim Three:      Petitioner was denied effective assistance of counsel because counsel failed to file a motion for an independent psychological evaluation and a motion for a review hearing.

Claim Four:[6]    Petitioner was denied due process and equal protection of the laws because (1) Petitioner is continuously denied a review hearing under Neb. Rev. Stat. § 71-1219, (2) the petition and commitment are void as a matter of law as not supported under oath and affidavit by Dr. Agnes Stairs, and (3) the Board of Mental Health lacked jurisdiction.

---

[6] In its order on preliminary review, the court noted that Claim Four combines the allegations of Grounds 4 and 5 of the Amended Petition. (Filing 8 at CM/ECF p. 8 n.1.) However, the court dismissed any claims in Ground 4 and Ground 5 related to the Mental Health Board's failure to provide Bumann with copies of the commitment order and Dr. Agnes Stairs' affidavit in support of the SOCA petition and order of commitment, because such claims are not cognizable in a federal habeas action as they raise only issues of state law. *See* Bryan R. Means, Federal Habeas Manual § 1:44 (West 2020) ("Federal habeas relief is unavailable to retry state issues that do not rise to the level of a federal constitutional violation." (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991))). (Filing 8 at CM/ECF p. 8 n.1.)

# V. ANALYSIS

## A. Exhaustion and Procedural Default

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. *Id.* at 844. "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular

constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation omitted). Although the language need not be identical, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999). In contrast, "[a] claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) (citation omitted).

In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005). "Such exhaustion requirements apply to petitioners seeking review of mental health commitment orders." *Herzog v. Cheyenne Cnty. Mental Health Bd.*, No. 8:08CV255, 2009 WL 1028093, at *1 (D. Neb. Apr. 15, 2009) (citing *Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005) (unpublished) (holding that a civilly committed petitioner's request for release was a habeas action, noting that the exhaustion requirement applies, and remanding for determination regarding whether the petitioner "has fully exhausted the necessary state procedures to challenge his civil commitment")); *see also Ivey v. Sacriste*, No. 8:19CV153, 2020 WL 6158608, at *8 n.10 (D. Neb. Oct. 21, 2020); *Ivey v. Gibson*, No. 4:07CV3242, 2008 WL 5392136, at *4 n.7 (D. Neb. Dec. 19, 2008).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005)

(quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n.1.

> The Nebraska statute governing the findings of the mental health board states:

> The subject of a petition or the county attorney may appeal a treatment order of the mental health board under section 71-1209 to the district court. Such appeals shall be de novo on the record. A final order of the district court may be appealed to the Court of Appeals in accordance with the procedure in criminal cases. The final judgment of the court shall be certified to and become a part of the records of the mental health board with respect to the subject.

Neb. Rev. Stat. § 71-1214. The state court procedure available to Bumann under SOCA "is not a criminal appeal and postconviction proceeding" pursuant to Neb. Rev. Stat. § 29-3001, but it is "nearly identical state-court procedural due process." *Ivey*, 2020 WL 6158608, at *8; *Ivey*, 2008 WL 5392136, at *4.

Thus, under Nebraska law, Bumann's original commitment order dated August 19, 2019 was a final appealable order which had to be appealed within thirty days. *See* Neb. Rev. Stat. § 25-1912; *In re Interest of L.T.*, 886 N.W.2d 525, 529 (Neb. 2016); *In re Interest of D.I.*, No. A-18-237, 2018 WL 6839726, at *5 (Neb. Ct. App. Dec. 31, 2018). *See also In re Interest of Saville*, 626 N.W.2d 644, 648 (Neb. Ct. App. 2001) (an adjudication by a mental health board that an individual is "a mentally ill dangerous person" under the Nebraska Mental Health Commitment Act ("MHCA") is a final and appealable order which has to be appealed within 30 days); *Herzog v. Schaub*, No. 8:09CV265, 2010 WL 3023954, at *2 (D. Neb. Feb. 25, 2010) (same); *Herzog v. Cheyenne Cnty. Mental Health Bd., No.* 8:08CV255, 2009 WL 1028093, at *2 (D. Neb. Apr. 15, 2009) (same). Bumann did not file an appeal of the Mental Health Board's August 19, 2019 order to the state district court until October 15, 2019. As the state district court found, Bumann's appeal was untimely. Bumann did not appeal the state district court's order to the Nebraska

appellate courts. Bumann has therefore failed to exhaust his state court remedies with respect to any claims related to the original August 19, 2019 commitment order.

Similarly, Bumann's amended order of commitment dated June 23, 2020, which continued the original commitment and treatment order, was also a final appealable order that had to be appealed within thirty days. *See In re D.I.*, 799 N.W.2d 664, 670 (2011) (denial of motion for reconsideration under § 71-1219(1) is a final, appealable order). Bumann did not file an appeal of the Mental Health Board's June 23, 2020 amended order. Thus, to the extent any of his federal habeas claims concern the June 23, 2020 amended order, Bumann has failed to exhaust his state court remedies by failing to timely appeal to the Nebraska state courts prior to filing his habeas petition. *See Herzog*, 2009 WL 1028093, at *2. Bumann is now barred from filing an appeal of the Mental Health Board's June 23, 2020 amended order because any appeal would be dismissed as untimely.

In short, Bumann has failed to exhaust his state court remedies with respect to any of his habeas claims. The court will next address whether Bumann's claims are procedurally defaulted, not merely unexhausted. Specifically, the court will address whether the claims may yet be raised in a collateral attack brought pursuant to Nebraska's habeas corpus statute. Aside from a direct appeal as set forth above, individuals committed pursuant to SOCA may "file, either personally or by counsel, petitions or applications for writs of habeas corpus for the purpose of challenging the legality of his or her custody or treatment." Neb. Rev. Stat. § 71-959(9); *see also D.I. v. Gibson*, 890 N.W.2d 506, 512 (Neb. 2017).[7]

---

[7] Bumann filed a state habeas corpus petition on January 6, 2020 (filing 17-2), but the state district court dismissed the petition without prejudice pursuant to Neb. Rev. Stat. § 25-217 (filing 17-3). Because the merits of the state habeas petition were not adjudicated and because there is no statute of limitations with respect to state habeas petitions under Neb. Rev. Stat. § 29-2801, it is possible that Bumann could file another state habeas petition, and thus arguable that Bumann has available state court remedies.

In Nebraska, habeas corpus is quite limited in comparison to the scope of the writ in federal courts. *Sanders v. Frakes*, 888 N.W.2d 514, 520 (Neb. 2016); *Gonzalez v. Gage*, 861 N.W.2d 457, 461 (Neb. 2015). Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction. *Sanders*, 888 N.W.2d at 520. A collateral attack on a judgment is where the judgment is attacked in a way other than a proceeding in the original action to have it vacated, reversed, or modified, or a proceeding in equity to prevent its enforcement. *Id.*

Absent statutory authority to the contrary, only a void judgment may be collaterally attacked. *Id.* A judgment that is not void, even if erroneous, cannot be collaterally attacked. *Id.* A judgment is void when the court rendering it lacks subject matter or personal jurisdiction. *Id.* Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. *Id.* Habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void. *See id.* The writ of habeas corpus will not lie upon the ground of mere errors and irregularities in the judgment, nor may it be used as a substitute for an appeal. *Id.*; *see also Flora v. Escudero*, 526 N.W.2d 643 (Neb. 1995) (a writ of habeas corpus ordinarily will not be granted where another adequate remedy exists).

Claims One, Two, and Three concern allegations that Bumann's counsel in the civil commitment proceedings was ineffective, and Claim Four alleges that Bumann was denied due process and equal protection of the laws because (1) he is continuously denied a review hearing under Neb. Rev. Stat. § 71-1219 and (2) the SOCA petition and commitment are void as a matter of law as not supported under oath and affidavit by Dr. Stairs. None of these claims provide a proper ground for granting a writ of habeas corpus in Nebraska. *See Peterson v. Houston*, 824 N.W.2d 26, 34 (Neb. 2012) (claims of double jeopardy, actual innocence, miscarriage of justice, malicious prosecution, judicial bias, ineffective counsel, and conflict of interest do not provide a proper ground for granting a writ of habeas corpus in Nebraska). "Where jurisdiction has attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and

subject to be set aside in a proper proceeding for that purpose, will not render the judgment void." *Id.* (citation omitted).

In Claim Four, Subpart (3), Bumann makes a conclusory allegation that the Mental Health Board lacked jurisdiction. "Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved." *Martinez v. Dawson*, No. A-19-696, 2020 WL 1487278, at *3 (Neb. Ct. App. Mar. 24, 2020) (citing *In re Interest of Jeremy U. et al.*, 936 N.W.2d 733 (Neb. 2020)). In the present case, Bumann's commitment by the Mental Health Board was pursuant to SOCA, under which the Mental Health Board has the general authority to hear a petition for the commitment of a dangerous sex offender. Pursuant to Neb. Rev. Stat. § 71-1205, if the county attorney believes that a person is a dangerous sex offender requiring inpatient or outpatient treatment ordered by a mental health board, the county attorney is to file a petition with the clerk of the district court in the judicial district where the subject is located, in which the alleged behavior of the subject occurred which constitutes the basis for the petition, or another judicial district upon good cause shown. Mental health board proceedings are deemed to have commenced upon the filing of a petition under § 71-1205. Neb. Rev. Stat. § 71-1206. And, the mental health board then has the duty to hold a hearing "to determine whether there is clear and convincing evidence that the subject is a dangerous sex offender as alleged in the petition." Neb. Rev. Stat. § 71-1208.

The SOCA petition here shows that the county attorney alleged that Bumann was a dangerous sex offender. Accordingly, the Mental Health Board was authorized to hear the petition for his commitment. *See Martinez*, 2020 WL 1487278, at *4. Because the Mental Health Board has the power to hear and determine cases of the general class to which that petition belongs and because that petition alleged that Bumann is a dangerous sex offender, the Mental Health Board had jurisdiction over that petition. *See id.* Thus, the Mental Health Board's commitment order is not void, and any collateral attack based on Bumann's habeas claims would be impermissible.

Because Bumann is now barred from presenting his habeas claims to the Nebraska state courts, these claims are procedurally defaulted, not just unexhausted. *See Armstrong*, 418 F.3d at 926; *Akins*, 410 F.3d at 456 n.1.

## B. Discussion of Bumann's Claims

Alternatively, the court finds that Bumann's claims are either not cognizable grounds for habeas relief or meritless.

### 1. Ineffective Assistance of Counsel Claims (Claims One, Two, and Three)

In Claims One, Two, and Three, Bumann alleges that his counsel for the underlying civil commitment proceedings was ineffective and, as a result, violated his Sixth Amendment right to counsel.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. By its express terms, this right extends only to criminal proceedings. *Maati v. Nebraska*, No. 8:12CV314, 2014 WL 36287, at *10 (D. Neb. Jan. 6, 2014). Bumann's commitment is the result of a civil proceeding. *See id.* The Sixth Amendment does not extend a right to effective assistance of counsel to civil commitment proceedings. *See id.*; *see also United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019) (a civil commitment proceeding under 18 U.S.C. § 4246 is not a criminal prosecution for purposes of the Sixth Amendment), *cert. denied*, 140 S. Ct. 2535 (2020); *Kansas v. Hendricks*, 521 U.S. 346, 349 (1997) (holding that the double jeopardy clause of the Fifth Amendment does not apply to a civil commitment proceeding); *Allen v. Illinois,* 478 U.S. 364 (1986) (holding that the Fifth Amendment right against self-incrimination does not apply in civil commitment proceedings); *Carty v. Nelson*, 426 F.3d 1064, 1073 (9th Cir. 2005) (holding that the confrontation clause of the Sixth Amendment does not apply in civil commitment proceedings); *United States v. Veltman*, 9 F.3d 718, 721 (8th Cir.

1993) (recognizing only a *statutory* right to counsel in a civil commitment proceeding, as opposed to a constitutional right to counsel); *Favors v. Jesson*, No. CIV. 14-3473 JRT/LIB, 2015 WL 4919969, at *7 (D. Minn. Aug. 12, 2015) (Sixth Amendment rights did not attach during petitioner's underlying civil commitment proceedings; rather, petitioner's right to counsel at that time was merely statutory); *Beaulieu v. Minn. Dep't of Human Servs.*, 798 N.W.2d 542, 548 (Minn. Ct. App. 2011) ("[T]he Sixth Amendment right to the effective assistance of counsel does not apply in a civil-commitment proceeding.").

Sixth Amendment rights did not attach during Bumann's underlying civil commitment proceedings. Rather, Bumann's right to counsel at that time was merely statutory. *See* Neb. Rev. Stat. § 71-945 ("A subject shall have the right to be represented by counsel in all proceedings under the Nebraska Mental Health Commitment Act or [SOCA]."); *Maati*, 2014 WL 36287, at *11 ("Nebraska state statutes set forth that Petitioner had a right to be represented by counsel in the civil commitment proceedings."). Accordingly, the court determines that Bumann's ineffective assistance of counsel claims do not invoke a federal right and therefore are not properly before the court. *See Maati*, 2014 WL 36287, at *10.

## 2. Due Process and Equal Protection Claims (Claim Four)

In Claim Four, Bumann contends that he was denied due process and equal protection of the laws because (1) he is continuously denied a review hearing under Neb. Rev. Stat. § 71-1219, (2) the SOCA petition and commitment are void as a matter of law as not supported under oath and affidavit by Dr. Stairs, and (3) the Board of Mental Health lacked jurisdiction. The court finds that these claims are without merit.

First, the record refutes Bumann's claim that he has been continuously denied a review hearing under Neb. Rev. Stat. § 71-1219. Individuals "may request and shall be entitled to a review hearing by the mental health board and to seek from the board an order of discharge from commitment or a change in treatment ordered by

the board." Neb. Rev. Stat. § 71-1219; *see also In re D.I.*, 799 N.W.2d at 669. Such a request may be made after the "filing of a periodic report under section 71-1216," Neb. Rev. Stat. § 71-1219, which requires that periodic reports be "filed and served no less frequently than every ninety days for a period of one year following submission of the subject's individualized treatment plan and every six months thereafter." Neb. Rev. Stat. § 71-1216. The record demonstrates that Bumann has been provided with a review hearing upon request. (*See* Filing 19-3 at CM/ECF pp. 78-81, 117.) Furthermore, Bumann has the right to request a review hearing, at a minimum, every six months. If Bumann does seek a review hearing after the filing of his next periodic report, which should be filed no later than six months from now, he must then follow the appeal procedures set forth above, including appealing to the state district court, and then to the Nebraska Court of Appeals and Nebraska Supreme Court. After doing so, Bumann may seek habeas corpus relief in this court.

Second, Bumann's claim that his commitment is not supported by an affidavit from Dr. Stairs is belied by the record. Attached to the petition were the court documents related to Bumann's three sex offenses (*id.* at CM/ECF pp. 5-15), two affidavits from Dr. Stairs (*id.* at CM/ECF pp. 16-17), and a psychological evaluation performed by Dr. Stairs, dated January 22, 2019 (*id.* at CM/ECF pp. 18-34). Dr. Stairs' affidavits reflected that she is a psychologist, duly licensed in the State of Nebraska, and is experienced in sex offender risk assessments. (*Id.* at CM/ECF pp. 16-17.) In one affidavit, Dr. Stairs opined that, after completing an evaluation of Bumann, it was her professional opinion that he is a dangerous sex offender, as defined in Neb. Rev. Stat. § 83-174.01. (*Id.* at CM/ECF p. 16.) In the other affidavit, Dr. Stairs opined that, after conducting a review to determine the least restrictive and most appropriate treatment setting for Bumann based on risk, needs, and treatment responsivity issues, it was her professional opinion that, based on her expertise in sex offender risk assessment and treatment, as well as the information available to her about treatment options, Bumann would be best served in an inpatient setting to address the issues outlined in his evaluation (*id.* at CM/ECF pp. at 18-34), and that if the Mental Health Board found Bumann to be a Dangerous Sex Offender, the least restrictive treatment at that time would be inpatient treatment. (*Id.* at CM/ECF p.

17.) Factors Dr. Stairs considered included: (1) actuarial instruments indicating Bumann is at well-above average risk for a sexual re-offense; (2) the presence of diagnoses of pedophilic disorder, nonexclusive type, sexually attracted to females, and other specified paraphilic disorder (hebephilia); and (3) Bumann engaged in sexual offending or sexual offense analogue behaviors while incarcerated in an inpatient sex offender treatment program, most recently in January 2019. (*Id.*) Thus, the record demonstrates that the SOCA petition was supported by Dr. Stairs' affidavits, which supported his commitment as a dangerous sex offender.

Finally, as previously discussed, the Mental Health Board had jurisdiction over the SOCA petition. Thus, this claim is without merit.

## C. Conclusion

The court has disposed of all Bumann's claims and will dismiss this matter in its entirety. However, the court will do so without prejudice to reassertion because Bumann may challenge his confinement at a later time if he exhausts his state remedies following a mental health board's new or modified treatment order under SOCA.

## VI. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The court has applied the appropriate standard and determined that Bumann is not entitled to a certificate of appealability.

IT IS THERFORE ORDERED that:

1.      Respondent's Motion for Summary Judgment (<u>filing 16</u>) is granted.

2.      The Amended Petition for Writ of Habeas Corpus (<u>filing 7</u>) is dismissed without prejudice.

3.      No certificate of appealability has been or will be issued.

4.      Judgment will be issued by separate document.

Dated this 19th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge